UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SECURITIES AND EXCHANGE COMMISSION,

                    Plaintiff,

      v.

TIME WARNER INC.,

                    Defendant.

C.A. No. 05 0578

## CONSENT OF TIME WARNER INC.

1. Defendant Time Warner Inc. ("Defendant") waives service of a summons and the Complaint in this action, enters a general appearance, and admits the Court's jurisdiction over Defendant and over the subject matter of this action.

2. Without admitting or denying the allegations of the Complaint (except as to personal and subject matter jurisdiction, which Defendant admits), Defendant hereby consents to the entry of the final Judgment in the form attached hereto (the "Final Judgment") and incorporated by reference herein, which, among other things:

    a. orders Defendant to comply with the Cease-and-Desist Order issued by the Securities and Exchange Commission on May 15, 2000, *In the Matter of America Online, Inc.*, Exchange Act Rel. No. 34-42781 (May 15, 2000);

    b. permanently restrains and enjoins Defendant from violating Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Sections 10(b), 13(a), 13(b)(2)(A), and 13(b)(2)(B) of the Securities

Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §§ 78j(b), 78m(a), 78m(b)(2)(A), and 78m(b)(2)(B)]; and Exchange Act Rules 10b-5, 12b-20, 13a-1, 13a-11, 13a-13, and 13b2-1 [17 C.F.R. §§ 240.10b-5, 240.12b-20, 240.13a-1, 240.13a-11, 240.13a-13, and 240.13b2-1]; and permanently restrains and enjoins Defendant from aiding and abetting violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Exchange Act Rule 10b-5 [17 C.F.R. § 240.10b-5];

c. orders Defendant to pay disgorgement in the amount of $1; and

d. orders Defendant to pay a civil penalty in the amount of $300 million, payable within ten business days of the entry of the Final Judgment, under Section 20(d)(1) of the Securities Act [15 U.S.C. § 77t(d)(1)] and Sections 21(d)(3)(B)(iii) and 21(d)(3)(D) of the Exchange Act [15 U.S.C. §§ 78u(d)(3)(B)(iii) and 78u(d)(3)(D)].

3. Defendant acknowledges that the civil penalty paid pursuant to the Final Judgment may be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002. Defendant agrees to pay all additional costs incurred under any distribution plan resulting from the payment of the civil penalty, and there will be no deduction from the Fair Fund for those additional costs. Regardless of whether any such Fair Fund distribution is made, the civil penalty shall be treated as a penalty paid to the government for all purposes, including all tax purposes. To preserve the deterrent effect of the civil penalty, Defendant agrees that it shall not, after offset or reduction of any award of compensatory damages in any Related Investor Action based on Defendant's payment of disgorgement in this action, argue that it is entitled to, nor shall it further benefit by, offset or reduction of such

compensatory damages award by the amount of any part of Defendant's payment of a civil penalty in this action ("Penalty Offset"). If the court in any Related Investor Action grants such a Penalty Offset, Defendant agrees that it shall, within thirty days after entry of a final order granting the Penalty Offset, notify the Commission's counsel in this action and pay the amount of the Penalty Offset to the United States Treasury or to a Fair Fund, as the Commission directs. Such a payment shall not be deemed an additional civil penalty and shall not be deemed to change the amount of the civil penalty imposed in this action. For purposes of this paragraph, a "Related Investor Action" means a private damages action brought against Defendant by or on behalf of one or more investors based on substantially the same facts as alleged in the Complaint in this action.

4. Defendant agrees that it shall not seek or accept, directly or indirectly, reimbursement or indemnification from any source, including but not limited to payment made pursuant to any insurance policy, with regard to any civil penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors. Defendant further agrees that it shall not claim, assert, or apply for a tax deduction or tax credit with regard to any federal, state, or local tax for any penalty amounts that Defendant pays pursuant to the Final Judgment, regardless of whether such penalty amounts or any part thereof are added to a distribution fund or otherwise used for the benefit of investors.

5. Defendant agrees that it will restate its historical financial results to correct its accounting (i) for $20 million of advertising revenue recognized in connection with transactions with PurchasePro.com, Inc. in the fourth quarter of 2000; (ii) for $29.5 million of advertising revenue recognized in 2001 and the first quarter of 2002 in connection with advertising

3

transactions with two counterparties; (iii) for approximately $451 million of advertising revenue recognized in connection with advertising transactions with Bertelsmann AG from the fourth quarter of 2000 through the fourth quarter of 2001; and (iv) to properly reflect the consolidation of AOL Europe, S.A. in 2000 and 2001.

6. Defendant agrees that it will engage an independent examiner who shall be, or who shall be authorized to hire, a certified public accountant, not unacceptable to the Commission, to determine whether Defendant's historical accounting for transactions involving online advertising and related transactions entered into with the following counterparties between June 1, 2000 and December 31, 2001, including any subsequent amendment thereto, was in conformity with generally accepted accounting principles ("GAAP"): (i) National Geographic Channel, (ii) Oxygen Media, Inc., (iii) Rainbow Media Enterprises, Inc., (iv) Inktomi Corp., (v) Buildnet Inc., (vi) Cisco Systems Inc., (vii) Compaq Computer Corp., (viii) EMC Corp., (ix) Gateway Inc., (x) Legend International Holdings Inc., (xi) Qwest Communications International Inc., (xii) Sun Microsystems Inc. (including iPlanet-related online advertising transactions), (xiii) Cendant Corp. (including Trilegiant-related transactions), (xiv) Genuity Inc., (xv) Aether Systems Inc., (xvi) Foundry Networks Inc., and (xvii) WorldCom, Inc. The independent examiner's compensation and expenses shall be borne exclusively by Defendant. Defendant shall not have the authority to terminate the independent examiner without the prior written consent of the Commission.

    a. Defendant shall require the independent examiner to enter into an agreement that provides that, for the period of the engagement and for a period of two years after the engagement, the independent examiner shall not enter into any employment, consultant, auditing or other professional relationship with Defendant, or any of its present or former

affiliates, directors, officers, or employees. The agreement will also provide that the independent examiner will require that any firm with which the independent examiner is affiliated or of which the independent examiner is a member and any person engaged to assist the independent examiner in the performance of the independent examiner's duties shall not, without the prior written consent of the Commission, enter into any employment, consultant, attorney-client, auditing, or other professional relationship with Defendant, or any of its present or former affiliates, directors, officers, or employees for the period of the engagement and for a period of two years after the engagement.

b.  Defendant will cooperate fully with the independent examiner and shall grant the independent examiner unrestricted access to its officers, directors, and employees, as well as its own records and documents, including all documents identified and gathered by Defendant, its lawyers, auditors, and advisors in connection with investigations conducted by the federal government or any threatened or actual civil litigation. It is understood that Defendant shall not be required to grant the independent examiner access to information, records, and documents that are otherwise protected by the attorney-client privilege or attorney work product doctrine, including attorney collections of records and documents, except to the extent that the Defendant has agreed to provide the records or documents to the Commission's staff. Defendant will authorize and request counterparties and their agents to cooperate fully with the independent examiner, releasing all such parties from duties of confidentiality for purposes of this examination.

c.  The independent examiner shall issue a report to Defendant's Audit Committee within 180 days after being engaged, stating its conclusions regarding whether Defendant's accounting for the transactions was in conformity with GAAP. Defendant shall

restate any and all transactions that the independent examiner determines were accounted for improperly. (Should Defendant disagree with the independent examiner's conclusions, it may appeal to the Commission's Office of the Chief Accountant in writing within fourteen days of receipt of the independent examiner's conclusions. The Office of the Chief Accountant shall have thirty days to render its decision on Defendant's appeal. The determination of the Office of the Chief Accountant will be final.)

      d.    The independent examiner, in connection with reviewing the transactions, may, among other things:

      i. With respect to particular transactions that are being reviewed, examine the negotiating history of the transactions and the commercial relationships between the customers and Defendant to understand the context in which the transactions, and negotiations for the transactions, occurred;

      ii. In connection with assessing the reliability of the evidence supporting Defendant's original accounting for the examined transactions, consider the accuracy, reliability, and credibility of Defendant's records and employee statements with respect to the transactions examined, as well as such records and statements with respect to transactions previously restated;

      iii. Based on the independent examiner's professional judgment, determine whether sufficient and competent evidence exists to establish that the Defendant's accounting treatment for the transactions is in conformity with GAAP; and

iv. Perform such other procedures as the independent examiner deems necessary or appropriate to determine that the accounting for the transactions reflects their substance.

7. Defendant waives the entry of findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.

8. Defendant waives the right, if any, to a jury trial and to appeal from the entry of the Final Judgment.

9. Defendant enters into this Consent voluntarily and represents that no threats, offers, promises, or inducements of any kind have been made by the Commission or any member, officer, employee, agent, or representative of the Commission to induce Defendant to enter into this Consent.

10. Defendant agrees that this Consent shall be incorporated into the Final Judgment with the same force and effect as if fully set forth therein.

11. Defendant will not oppose the enforcement of the Final Judgment on the ground, if any exists, that it fails to comply with Rule 65(d) of the Federal Rules of Civil Procedure, and hereby waives any objection based thereon.

12. Defendant waives service of the Final Judgment and agrees that entry of the Final Judgment by the Court and filing with the Clerk of the Court will constitute notice to Defendant of its terms and conditions. Defendant further agrees to provide counsel for the Commission, within thirty days after the Final Judgment is filed with the Clerk of the Court, with an affidavit or declaration stating that Defendant has received and read a copy of the Final Judgment.

13. Consistent with 17 C.F.R. § 202.5(f), this Consent resolves only the claims asserted against Defendant in this civil proceeding and matters arising from or relating to

transactions to be reviewed by the independent examiner. Defendant acknowledges that no promise or representation has been made by the Commission or any member, officer, employee, agent, or representative of the Commission with regard to any criminal liability that may have arisen or may arise from the facts underlying this action or immunity from any such criminal liability. Defendant waives any claim of Double Jeopardy based upon the settlement of this proceeding, including the imposition of any remedy or civil penalty herein. Defendant further acknowledges that the Court's entry of a permanent injunction may have collateral consequences under federal or state law and the rules and regulations of self-regulatory organizations, licensing boards, and other regulatory organizations. Such collateral consequences include, but are not limited to, a statutory disqualification with respect to membership or participation in, or association with a member of, a self-regulatory organization. This statutory disqualification has consequences that are separate from any sanction imposed in an administrative proceeding. In addition, in any disciplinary proceeding before the Commission based on the entry of the injunction in this action, Defendant understands that it shall not be permitted to contest the factual allegations of the Complaint in this action.

14.     Defendant understands and agrees to comply with the Commission's policy "not to permit a defendant or respondent to consent to a judgment or order that imposes a sanction while denying the allegation in the complaint or order for proceedings." 17 C.F.R. § 202.5(e). In compliance with this policy, Defendant agrees: (i) not to take any action or to make or permit to be made any public statement denying, directly or indirectly, any allegation in the Complaint or creating the impression that the Complaint is without factual basis; and (ii) that upon the filing of this Consent, Defendant hereby withdraws any papers filed in this action to the extent that they deny any allegation in the Complaint. If Defendant breaches this agreement, the

Commission may petition the Court to vacate the Final Judgment and restore this action to its active docket. Nothing in this paragraph affects Defendant's: (i) testimonial obligations; or (ii) right to take any legal or factual position in litigation or other legal proceedings in which the Commission is not a party.

15. Defendant hereby waives any rights under the Equal Access to Justice Act, the Small Business Regulatory Enforcement Fairness Act of 1996, or any other provision of law to pursue reimbursement of attorney's fees or other fees, expenses, or costs expended by Defendant to defend against this action. For these purposes, Defendant agrees that Defendant is not the prevailing party in this action since the parties have reached a good faith settlement.

16. Defendant agrees that it will cooperate fully with the Commission in any and all investigations, litigations, or other proceedings relating to or arising from the matters described in the Complaint by undertaking to do the following:

   a. Produce, without service of a notice or subpoena, and without limiting the requirements of the provisions of Paragraph 6.b. above, any and all non-privileged documents and other information reasonably requested by the Commission's staff;

   b. Use its best efforts to encourage its employees, officers, or directors to be interviewed by the Commission's staff at such times and places as the staff reasonably may request;

   c. Use its best efforts to encourage its employees, officers, or directors to appear and testify truthfully and completely without service of a notice or subpoena in such investigations, depositions, hearings, or trials as may be reasonably requested by the Commission's staff;

   d.   Agree that any notice or subpoena issued to Defendant in connection with any and all investigations, litigations, or other proceedings relating to or arising from the matters described in the Complaint may be served by regular mail or facsimile transmission on its undersigned attorney at the address set forth underneath his name; and

   e.   Consent to personal jurisdiction over Defendant in any United States District Court for purposes of enforcing any such subpoena.

17.   Defendant agrees that the Commission may present the Final Judgment to the Court for signature and entry without further notice.

18.   Defendant agrees that this Court shall retain jurisdiction over this matter for the purpose of enforcing the terms of the Final Judgment.

Time Warner Inc.

By: _____

Dated: March 11, 2005

On March 11, 2005, Paul Cappuccio, a person known to me, personally appeared before me and acknowledged executing the foregoing Consent.

_____
Notary Public
Commission expires:

ELISA N. SHERIDAN
Notary Public, State of New York
No. 31-01SH4850509
Qualified in New York County
Commission Expires Feb. 17, 2006

Approved as to form:

_____
Gregory S. Bruch, Esquire
Foley & Lardner LLP
3000 K. Street, N.W., Suite 500
Washington, DC 20007
(202) 672-5460
(202) 672-5399 (fax)

**Attorney for Defendant
Time Warner Inc.**

_____
James T. Coffman
Assistant Director
Division of Enforcement
Securities and Exchange Commission
450 Fifth Street, N.W.
Washington, DC 20549
(202) 942-4574
(202) 942-9668 (fax)

**Attorney for Plaintiff
Securities and Exchange Commission**